**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | * | **CRIMINAL NUMBER: 16-007** |
| **v.** | * | **SECTION: "S"** |
| **CHRISTOPHER ORGERON** | * | **VIOLATIONS: 18 U.S.C. § 2252(a)(2)**<br>**18 U.S.C. § 2252(b)(1)** |
| | * | **18 U.S.C. § 2253** |

* * *

**FACTUAL BASIS**

Should this matter proceed to trial, both the government and the defendant, **CHRISTOPHER ORGERON ("ORGERON")**, do hereby stipulate and agree that the following facts set forth a sufficient factual basis for the crime to which the defendant is pleading guilty and that the government would prove the following beyond a reasonable doubt at trial:

The government would present evidence that as a result of a joint undercover investigation conducted by the Cyber Crimes Section and Child Exploitation Unit of the U.S. Department of Homeland Security, Homeland Security Investigations ("HSI") and the Switzerland Federal Office of Police in Zurich, Switzerland ("Swiss Police"), in October 2014, the Swiss Police, while conducting an investigation into a web-board or bulletin board specializing in the sexual exploitation of children, determined the board administrator was running a Dynamic Domain Name System service web-based bulletin board using the free open-source web picture gallery Coppermine from a Network Attached Storage from the administrator's residence. The Swiss Police arrested the administrator for possession and

distribution of child pornography. A search of the administrator's computer revealed log files that were exported directly from the Structured Query Language Data Base that allowed investigators to analyze the Internet Protocol ("IP") addresses of those who accessed the administrator's bulletin board.

The log files revealed that, between July 25, 2014, through July 28, 2014, an individual assigned to IP address 68.11.36.231 had accessed approximately thirteen (13) images of minors engaging in sexual explicit conduct. HSI special agents determined the IP address in question was held by Cox Communications and HSI subpoenaed Cox for the subscriber information for the IP address. Cox records revealed that the IP address was assigned to **ORGERON's** father, who resided in Harvey, Louisiana.

On June 19, 2015, HSI obtained a federal search warrant, based on probable cause, for **ORGERON's** home. The following week, on June 25, 2015, HSI agents executed the search warrant and recovered two laptop computers, two hard drives, and one cellphone.

After being advised of his *Miranda* rights, **ORGERON** confessed to downloading child pornography. According to **ORGERON**, he had approximately ten to fifteen thousand images and videos of child pornography on his external hard drives and laptops. **ORGERON** said he had been looking at child pornography since he was 12 or 13 years of age and his preference was for children who were 9 to 17 years of age. **ORGERON** admitted to masturbating to the downloaded child pornography and he acknowledged knowing that child pornography was illegal. Further, **ORGERON** said he would go to certain websites in order to be directed to message boards or links that would take him to locations where he could find child pornography.

HSI computer forensic examiners located 26,733 images and 612 videos depicting the sexual victimization of children on **ORGERON's** computer equipment. These images and

videos depict pubescent and prepubescent children engaging in sexual acts including sexual acts with men and other children. Some of the images and videos include children engaging in sexually activity including bondage and bestiality.

Testimony would establish that some of the images and videos received and distributed by **ORGERON** were of prepubescent children less than 18 years of age; to wit: less than twelve (12)-years-old and that the images and videos of the child victims were "sexually explicit" as defined in Title 18, United States Code, Section 2256. All of the images and videos depicting the sexual victimization of minors received and possessed by **ORGERON** would be introduced through the testimony of HSI agents.

Further, the government would present evidence to establish that the images and videos of child pornography received and possessed by the defendant had been transported in interstate and foreign commerce via computer or had been produced using materials that had been mailed, shipped, or transported in and affecting interstate and foreign commerce.

Various records and testimonial evidence, including testimony from representatives of HSI, as well as other witnesses would also be called to prove the facts set forth above.

CHRISTOPHER ORGERON
Defendant

12/15/16
DATE

SAMUEL SCILLITANI
Counsel for Defendant

12/15/16
DATE

BRIAN M. KLEBBA
Assistant United States Attorney

12/15/16
DATE